## Stritzinger's Estate

*H. I. Fox* and *Desmond J. McTighe*, for accountant.

*Charles H. Brunner, Jr.,* and *James I. McGovern*, for disclaiming appointees.

*Julian W. Barnard*, contra.

HOLLAND, P. J., May 29, 1936.—The first account of William C. Stritzinger and Norristown-Penn Trust Company, surviving testamentary trustees, was examined and audited by the court on September 27, 1935, it appearing that due notice of the filing of the same in his office, and of the time and place of·audit by the court, had been given by the register of wills, as required by the act of assembly and the rule of court.

Frederick G. Stritzinger died on May 7, 1919, having made his last will and testament, dated November 14, 1916, duly probated on May 12, 1919, wherein he gave the residue of his estate to his trustees in trust to pay the income in equal shares to his five named children for their respective lives, the trust to terminate upon the death of the last surviving child. Each of the five children is given the power of testamentary appointment over his or her share of the income, during the continuance of the trust, and of the principal due him or her upon the termination of the trust. In default of the exercise of these powers of appointment it is provided that the income, during the continuance of the trust, shall go to the descendants of a deceased child or children per stirpes, and the principal, after the termination of the trust, to the children of each of testator's children.

The trustees named were Benjamin Franklin Stritzinger and William C. Stritzinger, sons of the testator, and the Penn Trust Company. Testator was survived by all five of his children, and the trust for them became operative. The Penn Trust Company, one of the trustees named in the will, has meanwhile by merger become the Norristown-Penn Trust Company.

Of testator's children, the following are still living: Frederick G. Stritzinger, Jr., who has four children living, all of age, three of whom have minor children of their own, and William C. Stritzinger, who has one child living and of age, William C. Stritzinger, Jr. Of testator's children the following have died: Louis G. Stritzinger, referred to in the will as Ludwig G. Stritzinger, who died on May 27, 1923, testate, but without exercising his power of appointment over either income or principal, leaving three children, all of age and still living, one of whom has two minor children; testator's daughter, Elizabeth L. Krecker, who died testate on September 20, 1923, having exercised her power of appointment over both income and principal in favor of two sons of age and still living; and testator's son, Benjamin Franklin Stritzinger,

who died May 8, 1935, leaving a will in which he exercised his power of appointment in favor of Montgomery National Bank as trustee for his widow and his two children, Claire Daller and Marion McGovern, for their lives, with remainder to the issue of these two children. Benjamin Franklin Stritzinger was one of the trustees under testator's will, and his death is the reason for the filing of the account.

The account was filed on August 10, 1935, and shows a balance of principal for distribution amounting to $167,356.07, composed of the unconverted investment securities carried at the same figure, and an overdraft of income from personal estate amounting to $784.78. A considerable amount of income from real estate is also accounted for but has been entirely paid out, so that there is no income from this source for distribution at present.

A question concerning distribution is raised by Bertha G. Stritzinger, Marion McGovern and Claire S. Daller, the widow and daughters, respectively, of Benjamin Franklin Stritzinger. On September 13, 1935, there was delivered to accountants an instrument executed by these three parties in interest.

This instrument recites, inter alia, that B. Franklin Stritzinger, referred to as "Benjamin Franklin Stritzinger" in testator's will, exercised the powers of appointment given him by testator's will, and how he did so; that the property over which the powers were so exercised, the income and principal of that part of testator's residue hitherto held in trust for B. Franklin Stritzinger, was "left" to Mrs. Daller and Mrs. McGovern absolutely by testator, subject only to the powers given B. Franklin Stritzinger; that there is "doubt whether B. Franklin Stritzinger legally had any powers of appointment under the said [testator's] will . . . [and] as to the legality of the exercise of said powers, assuming that they were legally given, and that the said Marion McGovern and the said Claire S. Daller have the right to elect to take

either under the will of [testator] . . . or under the will of B. Franklin Stritzinger, the income and property arising under the estate of the former . . .''; and that the interests of Mrs. McGovern and Mrs. Daller "are better served by electing to refuse to accept the income and property from the estate of . . . [testator] . . . under . . . the will of B. Franklin Stritzinger and electing to take under . . . the will of . . . [testator]''. Accordingly, Mrs. Daller and Mrs. McGovern "decline and refuse to accept the appointment to the income and property from the estate of Frederick G. Stritzinger including the power to appoint the principal given to them as beneficiaries . . . and instead elect to take the said income and property directly under items 8 and 9 of the will of . . . [testator]''; Bertha G. Stritzinger, the widow of B. Franklin Stritzinger, also "declines and refuses" the appointment to her under her husband's will. And finally, with due foresight and caution, the election and refusal of all three parties is made conditional upon the assumption that Mrs. McGovern and Mrs. Daller have the choice above set forth; if their assumption is not correct in law, then the whole instrument is to be of no force.

Prior to the audit, Julian W. Barnard, Esq., was appointed guardian ad litem for all testator's minor great-grandchildren and trustee ad litem for all unborn and unascertained persons having a possible interest. Mr. Barnard submitted a written report and actively opposed the election contended for on behalf of Mrs. Daller and Mrs. McGovern.

An examination of the precise provisions of the two wills involved is perhaps necessary. The trust is established in item 7 of testator's will. Item 8 provides for disposition of the income in the event that any of testator's five children shall die intestate; then comes the following:

". . . PROVIDED, however, and I do hereby authorize and empower each of my said children to bequeath and devise by their last will and testament the part or portion of income payable to them or set apart for his or her

use, in such parts and in such manner as he or she shall deem wise, as fully as if I had given the principal of the said share to such child absolutely. And upon their failure so to provide, then such income is to be paid and distributed in the same manner as I have hereinbefore provided had such child died intestate."

Item 9 of testator's will covers the disposition of the principal of the residue given in trust, when the trust terminates on the death of the last survivor of his five children. There are directions to convert the entire principal into cash and divide it into five equal shares, one such share being given "unto the children of my son, Benjamin Franklin Stritzinger, their heirs and assigns, share and share alike", and likewise as to the children of testator's other four children.

Then follows the power to appoint:

"And provided, however, and I do hereby authorize and empower each of my said children to bequeath and devise by their last will and testament the part or portion of the principal of my estate as is hereinbefore bequeathed, as fully as if I had given the principal of said share to such child absolutely."

The pertinent clause of B. Frankklin Stritzinger's will is the fourteenth, wherein he disposes of his residue, "including all property and income from property over which I may have any control, under the power of appointment given to me under the last will and testament of my father. . .". As already stated, this residue is given in trust, "to divide the net income arising from the principal in the hands of my said trustee, quarterly, into as many parts or shares as at the time of the quarterly distribution of income there shall be, my wife, Bertha G. Stritzinger, and children, Marion McGovern and Claire S. Daller, then alive . . ."; descendants of a deceased daughter to take her share, per stirpes. Upon the termination of the trust, at the death of the last survivor of these three, the principal is to be divided into two shares and paid "to such persons as my said children shall ap-

point or designate in their respective wills, and in default of appointment to distribute the same among the respective heirs of said deceased children. . .".

Mr. McGovern, on behalf of the disclaiming appointees, relies upon Helvering, Commr., etc., v. Grinnell, Exec., 294 U. S. 153 (1935), to sustain his contention that they have a definite right to refuse the appointment and elect to take under testator's will. In that case the testator created a trust to pay the income to his daughter for life, with remainder to such persons and uses as she might appoint by will, and in default of an appointment to the daughter's children or next of kin if she had no children. The daughter survived the testator and subsequently died childless, leaving as only next of kin two sisters. The daughter's will exercised her power of appointment in favor of her two sisters, equally. Both sisters then renounced the appointment and elected to take the property under testator's will. The obvious purpose of this action was to avoid, if possible, the necessity of including the appointed property with the donee's own property for Federal estate tax purposes. The question before the court was whether the property subject to appointment did or did not pass to the sisters under a general power of appointment exercised by the donee's will, within the meaning of the Revenue Act of February 26, 1926, 44 Stat. at L. 9, sec. 302 (f).

Mr. Justice Sutherland, speaking for the court, lays down three requisites under the act: (1) Existence of a general power; (2) exercise thereof by decedent's will; and (3) passing of the property in virtue of such exercise. The first two are clearly met, but, it is held, the third was not, since the appointees rejected the passing of the property to them under the power. The power was held not to have been effectively executed for the same reasons assigned in Matter of Lansing's Estate, 182 N. Y. 238, where the same question was decided.

While the facts in the Grinnell and Lansing cases are similar in many respects to those of the instant case, there

is a vital difference, which cannot permit those cases to control here. The New York court said, at page 243:

"Mrs. McVickar was her [life beneficiary and donee of the power] sole heir at law and the power of appointment, as formally exercised, gave all the property to her the same as her grandfather had given it to her. . . . In other words, the attempt to exercise the power neither increased nor diminished the estate of Mrs. McVickar, and did not affect in any degree the value of her grandfather's gift. It did not effectively transfer any property whatever, for she took from her grandfather and nothing was added to or taken away from the gift by the exercise of the power through the will of her mother. The execution of the power left the title where it was before, and the result is the same as if there had been no power to exercise."

Here the exercise of the power by B. Franklin Stritzinger did not give all the property to Mrs. McGovern and Mrs. Daller the same as their grandfather gave it to them, and it did affect the value of their grandfather's gift. Testator gave them an absolute estate and there was a decided taking away from the gift effected by their father's exercise of his power, for he cut it down to an equitable life estate. Whereas prior to the exercise of the power they had a vested remainder, the estate in expectancy never materialized into one in possession, for the legal title is now in the trustee designated. The remainder was disposed of and not continued where it was, in Mrs. McGovern and Mrs. Daller, as was the fact in both the cases cited.

The instant that B. Franklin Stritzinger's will became operative, the power therein exercised divested the estate given his children by their grandfather. By this purported election to take under their grandfather's will they are not merely rejecting additional evidence of title which they do not need because their title is perfect without it, as in Lansing's Estate, but they are seeking to reinvest themselves with an estate which was taken away

from them, to surrender an equitable life estate in favor of an absolute legal estate. It is contended that the authority of the Grinnell case is in no way diminished here by the difference in the exercise of the power, because beneficiaries of trusts generally are entitled to disclaim and refuse beneficial interests. That is unquestionably true as a general proposition of law: unwanted beneficial interests can no more be forced on cestuis que trustent than legal interests can be forced upon unwilling donees. The fallacy of the contention lies in the conclusion that, given the right to refuse, a cestui que trust can disclaim himself out of a lesser estate into a greater estate which is not then in him but in someone else. The expectancy in remainder which was Mrs. McGovern's and Mrs. Daller's is now, in virtue of the exercise of the power, in their several children. By disclaiming, a cestui que trust obviously cannot give up more than he has. All that Mrs. McGovern and Mrs. Daller actually have to surrender under the power is the beneficial life interest in each, and if they give up those interests the expectancies in remainder of their children patently are unaffected.

It is contended that the effect of this attempted and conditional renunciation of the equitable life estates is to produce a violation of the rule against perpetuities unless there is an immediate vesting of the remainder in the two disclaiming daughters. Since both Mrs. McGovern and Mrs. Daller were living at the time of testator's death, the appointment by their father to them with remainder, subject to being divested by exercise of the power given them, to their children, is within the rule: Warren's Estate, 320 Pa. 112. However, it is argued that by the renunciation the equitable life estates disappear as though never created, thus artificially extinguishing the candles which were burning in testator's lifetime and which are the necessary measuring lives to which the further 21 years allowed by the rule are to be added.

Yet the fact is that the candles still burn and were already burning during testator's lifetime. Thus the requirements of the rule, aside from the attempted disclaimer, are fully met to date. Whether or not there may be a violation of the rule, in the future, events still to happen can determine, and we need not and cannot concern ourselves with that possibility at this time. B. Franklin Stritzinger's exercise of his power was perfectly valid, both as respects the rule against perpetuities and requirements of completeness of the exercise. Had Mrs. McGovern or Mrs. Daller or both died after their father and before submitting their attempted disclaimers, there can be no doubt that their appointees by will would take the remainder shares appointable by them, or that in default of such appointment their children would have taken. The contentions that the rule against perpetuities is violated and that there was not a complete exercise of the power by B. Franklin Stritzinger assume that the disclaimer operates to render the exercise void ab initio and that the rights of all parties are to be determined accordingly. This disregards not only the original validity of the exercise of the power, but also B. Franklin Stritzinger's plainly expressed testamentary intent that his daughters were to have only an equitable life interest each, and that his grandchildren were to have the remainders unless their mothers disposed otherwise.

We do not agree that the ordinary power of a cestui que trust to disclaim his beneficial interest can be expanded into the power thereby to obtain the absolute estate or to render void ab initio the exercise of a power of appointment which from every other consideration is perfectly valid. Being of the opinion that the assumption of the widow and daughters of B. Franklin Stritzinger, upon which their disclaimer is based, is not correct as a matter of law, the disclaimer will, as requested, be disregarded and distribution awarded accordingly.

From Aaron S. Swartz, Jr., Norristown.